This case commenced by warrant before a justice of the peace, (514) and by successive appeals, came to the Superior Court. The *Page 373 
warrant was sued out by the plaintiffs against the defendant, to recover the price of 13 1/2 pounds of iron. The plaintiffs had a broad bar of iron at the blacksmith's shop of Elisha Hobson. When iron of this description was wanted they sent the customer to Hobson, who was authorized by the plaintiffs to cut off and deliver to the customer the quantity of iron wanted. Elisha Hobson proved that he had a bar of iron belonging to the plaintiffs — that the defendant applied to him for a piece of the said bar, suitable to make a plough-share — that the witness showed him a piece he had cut from the bar for one Kivett, and the defendant said a piece of the same size would answer his purpose — that the piece was cut off accordingly, and the defendant took it in a pair of tongs, carried it to the water and cooled it — that, when he returned to the shop he objected to the iron, saying it had a flaw in it and it would not answer his purpose, and that he wanted the piece which had been cut off for Kivett — the witness told the defendant it was Kivett's iron, and nothing further was said on the subject. The witness, the defendant, and a man by the name of Thrift left the shop about dark. When they had proceeded about fifteen steps, the defendant remarked that he had forgot his iron, and returned to the shop and got a piece of iron, and the witness supposed it was the piece cut off for him. The witness further stated that he weighed the piece of iron cut off for the defendant, that he also weighed the piece cut off for Kivett, and found the two pieces of the same weight — that he rendered an account of the iron cut off for the defendant to the plaintiffs on the next day. The books of the plaintiffs were produced and showed a charge against the defendant for the iron.
Mr. Lawrence, a witness for the plaintiffs, stated that he saw the iron cut off for the defendant, that the defendant took it to the water and cooled it — that when he returned to the shop he objected to the iron — that Hobson remarked, there was a piece he had cut off for Kivett, and he would not give a cent for the choice. This witness saw (515) both pieces of iron weighed and left the shop. Mr. Thrift, a witness for the plaintiffs, stated that he helped to cut off the iron for the defendant — that the defendant objected to the piece cut off for him on account of a flaw in it, and remarked that he would rather have the piece cut off for Kivett — that both pieces of iron were then weighed — that Hobson said it was Kivett's iron, but it was nothing to him which piece he took — that nothing more was said about the iron — that this witness, the defendant and Hobson left the shop together — that when they had proceeded a few steps, the defendant returned to the shop and got a piece of iron, and they went off together. *Page 374 
The defendant contended that he never did take, or agree to take, the piece of iron which had been cut off for him, but objected to it on account of the defect in it — and that Hobson consented he should take the piece which had been cut off for Kivett. The defendant introduced several witnesses who deposed to a conversation between himself and Hobson, in which the defendant asked Hobson if he would deny that he consented he should take the iron, which had been cut off for Kivett — to which Hobson replied that he had not denied it and was not going to deny it. Other witnesses introduced by the plaintiffs stated that they were present at the conversation last alluded to, and they understood Hobson's reply to be that he had not denied it, and was not going to deny any thing he had said about it and would leave it to Thrift and Lawrence who were present when the iron was cut off. The defendant further proved by Samuel Hendrix, a witness introduced by the plaintiffs, that Hobson told him (the witness,) that he did tell the defendant to take the iron cut off for Kivett, if he liked it better than the piece cut off for himself. The defendant then proved that he had paid Kivett for the iron he had got, before this warrant was sued out, and that he never had taken the other piece of iron from Hobson's shop.
The plaintiff's counsel then asked the court to charge the jury (516) that if they believed either of the three witnesses, Hobson, Lawrence or Thrift, the plaintiffs were entitled to recover. The court declined to give the instruction prayed for, but charged the jury that if they believed from all the testimony that the defendant consented to take the piece of iron cut off for him he was bound to pay for it, and the plaintiffs would be entitled to recover, although the defendant might afterwards have changed his mind and left the iron at his shop. Whether the defendant did ever consent to purchase the piece of iron cut off for him or not was for them to determine from all the testimony. The jury found a verdict for the defendant, and judgment being rendered accordingly, the plaintiffs appealed to the Supreme Court.
The plaintiffs prayed an instruction that if the jury believed either of the three witnesses, Hobson, Lawrence or Thrift, the plaintiffs were entitled to recover. We think the judge properly refused the instruction, because upon the evidence of each of the witnesses, Lawrence and Thrift, taken by itself, it is doubtful whether the defendant did accept the piece of iron cut off for him, or whether Hobson, the plaintiff's agent, did not consent, that instead of it, he should take that *Page 375 
before cut off for Kivett. Therefore, the court properly left it to the jury on all the evidence to say whether there were a sale and delivery to the defendant and acceptance by him.
PER CURIAM. No error.
Cited: S. v. Cardwell, 44 N.C. 249.
(517)